## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| 5TH STREET BEACH, INC., | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | No. |
| v. | : | |
| | : | |
| BAJA BEACH CC, INC., | : | |
| | : | |
| Defendant. | : | |

## **COMPLAINT**

Plaintiff 5th Street Beach, Inc. brings this action to enjoin defendant Baja Beach CC, Inc.'s ongoing unlawful and willful infringement of Plaintiff's BAJA BEACH Trademarks and Trade Dress and obtain an award of damages and other appropriate remedies to protect Plaintiff's intellectual property rights and prevent further harm to Plaintiff's brand and reputation and, in support thereof, states the following:

## **PARTIES**

1.      Plaintiff 5th Steet Beach, Inc. ("Plaintiff" or "5th Street") is a Pennsylvania business corporation formed in 1994.

2.      Plaintiff's principal business address is 1043 Bern Road, Wyomissing (Berks County), Pennsylvania 19610.

3.      Defendant Baja Beach CC, Inc. ("Defendant" or "Baja Beach CC") is a Pennsylvania business corporation formed in 2004.

4.      Defendant's principal business address is 365 Lancaster Avenue, Suite #8, Malvern (Chester County), Pennsylvania 19355.

## JURISDICTION AND VENUE

5.      This action arises under the federal Lanham Trademark Act, 15 U.S.C. §§ 1051 *et seq.* (the "Lanham Act") and Pennsylvania law.

6.      This Court has subject matter jurisdiction over Plaintiff's federal law claims under 15 U.S.C. § 1121, 28 U.S.C. § 1331 and 28 U.S.C. §§ 1338(a) & (b).

7.      This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

8.      This Court has personal jurisdiction over Defendant because Defendant is subject to the personal jurisdiction of Pennsylvania courts of general jurisdiction by virtue of Defendant being a Pennsylvania business corporation that operates a tanning salon located in Pennsylvania, and because Plaintiff's claims arise out of Defendant's activities within Pennsylvania.

9.      Venue in this district is proper under 28 U.S.C. § 1391 because Defendant resides in this judicial district and a substantial part of the events giving rise to Plaintiff's claims occurred in this judicial district.

## FACTS COMMON TO ALL CLAIMS

**A.      5th Street's History and Establishment of Baja Beach Tanning Salons**

10.      Plaintiff established its BAJA BEACH brand of tanning salons 28 years ago.

11.      Founded in 1994, 5th Street began with a single tanning salon located in Berks County, Pennsylvania.

12.      5th Street's first tanning salon operated as "5th Street," named after its original location on the 5th Street Highway in Reading (Berks County), Pennsylvania.

13.      In or around 1996, having established a successful model in its initial 5th Street location, 5th Street maintained its corporate name and heritage but rebranded its tanning salons under the trade name and trademark "BAJA BEACH" as it expanded to multiple locations.

2

14.     From about 1996 until today, 5th Street continuously operated tanning salons under the BAJA BEACH brand.

15.     By itself and through its related companies, 5th Street at times had as many as nine locations operating across Berks County, York County, Lancaster County, and Chester County – and today operates four Berks County locations.

16.     5th Street's founder Dave Lengel is the visionary responsible for conceptualizing and developing the BAJA BEACH brand.

17.     The BAJA BEACH brand was inspired by Mr. Lengel's experiences and observations of other successful establishments that incorporated beach-themed concepts.

18.     Mr. Lengel leveraged these concepts to create the BAJA BEACH brand comprising various elements, including trademarks, logos, color schemes, salon designs and the like, which work together systematically to create a distinct identity and experience for consumers.

19.     Over the past 30 years, each new BAJA BEACH location has adhered to the same standards and unique atmosphere that defines BAJA BEACH tanning salons.

20.     The growth and success of the BAJA BEACH brand is due, at least in part, to its reputation for excellence in the tanning industry and the BAJA BEACH brand has become synonymous with quality, customer satisfaction, and a fun, healthy and relaxing environment.

21.     The business methodologies, marketing and customer experience that has sustained the BAJA BEACH brand over the past 28 years are a product of, and owned by, 5th Street.

**B.     5th Street's Trademarks**

22.     5th Street is and always has been the sole and exclusive owner of the trademarks associated with BAJA BEACH tanning salons.

3

23.     5th Street is the owner of the BAJA BEACH word mark and United States Trademark Application Serial No. 98/650,760 for tanning salons and services, wellness services, and cryotherapy services.

24.     5th Street is the owner of the BAJA BEACH design mark and United States Trademark Application Serial No. 98/247,653 for tanning salons and services in the form depicted below:



25.     Below is a photograph of a billboard in Berks County, Pennsylvania utilizing the BAJA BEACH word and design marks described in paragraphs 23 and 24 above as part of 5th Street's current marketing campaign:



26.     5th Street is the owner of the BAJA BEACH TANNING CLUB word mark and United States Trademark Registration No. 7,187,554 for tanning salons.

27.     A true and correct copy of the Certificate of Registration for United States Trademark Registration No. 7,187,554 is attached hereto as Exhibit A.

28.     5th Street is the owner of the BAJA BEACH TANNING CLUB design mark and United States Trademark Application Serial No. 98/617,389 for tanning salons and services, wellness services, and cryotherapy services in the form depicted below:



29.     5th Street is the owner of the BAJA BEACH TANNING CLUB stylized word mark and United States Trademark Application Serial No. 98/618,133 for tanning salons and services, wellness services, and cryotherapy services in the form depicted below:



30.     5th Street is the owner of the BAJA BEACH TAN word mark and United States Trademark Application Serial No. 98/617,339 for tanning salons and services, wellness services, and cryotherapy services.

31.     5th Street is the owner of the BAJA BEACH TAN design mark and United States Trademark Application Serial No. 98/630,979 for tanning salons and services, wellness services, and cryotherapy services in the form depicted below:



32.     5th Street is the owner of the BAJA BEACH WELLNESS word mark and United States Trademark Application Serial No. 98/388,103 for tanning salons and services, and cryotherapy services.

33.     On September 29, 1998, 5th Street registered the fictitious name "BAJA BEACH TANNING" with the Pennsylvania Department of State.

34.     A true and correct copy of an amendment to 5th Street's Pennsylvania Fictitious Name Registration for the "BAJA BEACH TANNING" fictitious name is attached hereto as Exhibit B.

35.     The marks referred to in Paragraphs 23 through 31 above are collectively referred to as the "BAJA BEACH Trademarks" and "Trademarks."

36.     5th Street has the exclusive right to use and permit others to use the BAJA BEACH Trademarks.

**C.    5th Street's Trade Dress**

37.     5th Street is and always has been the sole and exclusive owner of the distinctive trade dress associated with the BAJA BEACH tanning salons.

38.     5th Street's trade dress comprises, in part, a vibrant, tropical motif designed to evoke a relaxed coastal vibe and the sunny ambiance of a beachside resort.

39.     This motif is characterized by bright, inviting colors such as turquoise, coral, and sandy beige, which are prevalent throughout the interiors and exteriors of its salons.

40.     The interior of each Baja Beach location is adorned with beach-themed artwork and décor, such as palm tree motifs, wave murals, seashells, wooden posts replicating beach piers, and sun imagery.

41.     Each Baja Beach location also incorporates the use of natural materials such as bamboo and rattan to add a beachy feel.

6

42.     The overall design of each Baja Beach location is clean, modern, and infused with elements that evoke a sense of being at a luxurious beach resort, so that each customer is greeted with a sense of relaxation and escape, akin to a mini vacation.

43.     5th Street integrates the tropical motif into the BAJA BEACH marketing and promotional materials, as well as on staff uniforms.

44.     5th Street's longstanding, consistent, thorough and distinctive integration of the beach motif into its Baja Beach trade dress enhances the customer experience, strengthens brand identity and loyalty, and creates a unique visual identity that distinguishes BAJA BEACH tanning salons from competing tanning salons.

45.     The motif and design referred to in Paragraphs 36 through 43 above together with the BAJA BEACH Trademarks are collectively referred to herein as the "Baja Beach Trade Dress" and the "Trade Dress."

46.     Several photographs demonstrating the Baja Beach Trade Dress are attached hereto as Exhibit C.

47.     Plaintiff's Trade Dress does not comprise any functional elements and therefore is non-functional.

48.     Plaintiff's and its Related Companies' longstanding and consistent use of Plaintiff's Trade Dress has made the Trade Dress distinctive of Plaintiff's products, services and business in the eyes of consumers.

**D.      5th Street's Expansion through Related Companies and Trademark
and Trade Dress Usage Arrangements**

49.     Dave Lengel, the founder of 5th Street and visionary behind the BAJA BEACH tanning salon brand, is recognized as having unsurpassed tanning salon expertise and industry knowledge.

50.     Mr. Lengel was at all relevant times considered the driving force and leader behind the success of the Baja Beach business up until the time he sold his remaining interest in 5th Street in 2018

51.     5th Street's successful business model and distinctive Trademarks and Trade Dress resulted in rapid expansion of the business into multiple locations to meet growing consumer demand.

52.     To capitalize on this success while maintaining and safeguarding its BAJA BEACH brand, 5th Street developed a structured business model which comprised a family of related entities.

53.     Each Baja Beach location was owned by or affiliated with one of the related entities, and all of the independent entities were collectively related by sharing at least one common shareholder (these related entities are hereinafter referred to, collectively, as the "Related Companies" or, individually, as a "Related Company").

54.     Through this corporate structure and 5th Street ensured consistent business practices were adopted by the Related Companies and assured customers that each Baja Beach location maintained consistent quality of the services provided.

55.     Under this corporate structure, 5th Street is and has been the sole owner of all of the BAJA BEACH Trademarks and the BAJA BEACH Trade Dress since the BAJA BEACH brand was first adopted by 5th Street in 1996.

56.     As owner of the BAJA BEACH Trademarks and Trade Dress, 5th Street has granted each of its Related Companies the right to use the BAJA BEACH Trademarks and Trade Dress in connection with the businesses conducted at each individual location.

8

57.     Common ownership in 5th Street and each of the Related Companies ensured that each Related Company adhered to the overarching BAJA BEACH brand standards and operational guidelines established by 5th Street.

58.     In 2001, 5th Street formed Related Company, Kool Beach, Inc., to operate Baja Beach tanning salons located in East York, West York, and Lancaster, Pennsylvania.

59.     In 2004, 5th Street formed Related Company, Baja Gold, Inc., to operate a Baja Beach tanning salon located in Pottstown, Pennsylvania.

60.     In 2004, 5th Street also formed Defendant Baja Beach CC, Inc. to operate a Baja Beach tanning salon located in Malvern, Pennsylvania.

61.     In 2005, 5th Street formed Related Company, Baja Sun, Inc., to operate a Baja Beach tanning salon located in Allentown, Pennsylvania.

62.     As a Related Company, Baja Sun, Inc. continuously used one or more of the BAJA BEACH Trademarks and Trade Dress until 2023.

63.     Under this corporate structure, coupled with Mr. Lengel's tenure and leadership, 5th Street retained control over the BAJA BEACH brand and monitored each Baja Beach location to ensure consistency and quality.

64.     5th Street's corporate oversight of the usage of the BAJA BEACH brand by the Related Companies has been a keystone to the prolonged success and consistent quality it its tanning salon operation over the last 28 years.

**E.     5th Street's Supervision and Quality Control**

65.     By and through its common ownership of Related Companies, 5th Street ensured that all of the BAJA BEACH brand of tanning salons operated to deliver a consistent high quality customer experience.

66.    Over the years, 5th Street has carefully overseen the operations of each BAJA BEACH tanning salon location to assure uniformity and brand integrity.

67.    For instance, over its 28-year history, 5th Street advised its Related Companies on the purchase of new tanning beds, ensuring that each BAJA BEACH location was equipped with state-of-the-art equipment to provide a consistent customer experience.

68.    For many years, 5th Street maintained a unified website for all BAJA BEACH locations, providing a cohesive online presence, streamlined customer interaction, centralized marketing efforts, and promotional campaigns to provide a consistent customer experience.

69.    5th Street has also advised on the purchase of uniforms, the sale of tanning lotion and other related products, and membership programs for its customers, to deliver a seamless and consistent customer experience across all BAJA BEACH locations.

70.    5th Steet's coordinated efforts, and each Related Company's adoption and adherence to these efforts, contributed to 5th Street's efforts to assure consistent quality of the goods and services provided by each Related Company under the BAJA BEACH Trademarks and Trade Dress.

**F.    Baja Sun, Inc.'s Continuous Trademark and Trade Dress Usage**

71.    Between about 2014 and 2015 certain of the Related Companies temporarily rebranded their local businesses under the Palm Beach Tanning Franchise.

72.    Throughout this period, the corporate structure and legal relationship between 5th Street and the Related Companies did not change, and 5th Street continued to own the BAJA BEACH Trademarks and Trade Dress.

73.    During this period of time, with 5th Street's permission, Related Company Baja Sun, Inc. continued to use the BAJA BEACH Trademarks and Trade Dress in the BAJA BEACH tanning salon in Allentown.

74.     By September 8, 2015, however, all the Related Companies who had temporarily rebranded discontinued their affiliation with the Palm Beach Tanning Franchise and returned to using the BAJA BEACH Trademarks and Trade Dress in their respective locations.

**G.     History of Baja Beach CC and the Malvern BAJA BEACH Salon**

75.     In 2004, 5th Street formed Defendant Baja Beach CC as a new Related Company to operate a BAJA BEACH tanning salon in Malvern, Pennsylvania.

76.     As with the other Related Companies, Defendant Baja Beach CC through most of its history shared at least one common owner with 5th Street and the other Related Companies.

77.     As with the other Related Companies, 5th Street granted Baja Beach CC the right to use the BAJA BEACH Trademarks and Trade Dress at the Malvern location.

78.     As with the other Related Companies, 5th Street oversaw the operations of the Malvern location operated by Defendant Baja Beach CC and usage of the BAJA BEACH Trademarks and Trade Dress to ensure uniformity, brand integrity, and delivery of a high quality customer experience.

79.     In 2008, 5th Street discovered that Defendant Baja Beach CC was mismanaging the Baja Beach Malvern location.

80.     Due to this mismanagement, 5th Street assisted Defendant Baja Beach CC in restructuring Defendant's ownership structure and business practices to bring the Malvern location back into conformity with the other Related Companies.

81.     As part of the 2008 restructuring of Defendant Baja Beach CC and operations of the Malvern location, Lori Angstadt, who had been an employee of 5th Street's Baja Beach Wyomissing location since approximately 2005, became a shareholder in Defendant Baja Beach CC along with Mr. Lengel and other shareholders.

82.     Also, as part of the 2008 restructuring of Defendant Baja Beach CC, Ms. Angstadt assumed certain managerial duties at the Malvern location.

83.     At no time did 5th Street assign, relinquish, or otherwise transfer any of 5th Street's ownership of the Baja Beach Trademarks or Trade Dress to any third party, including Defendant Baja Beach CC.

84.     After the restructuring of Defendant Baja Beach CC, 5th Street continued to monitor and control Defendant Baja Beach CC's usage of the BAJA BEACH Trademarks and Trade Dress at the Malvern location.

**H.     5th Street's Revocation of Baja Beach CC's Right to Use the Trademarks and Trade Dress**

85.     In or about late 2020, 5th Street began noticing deviations in Defendant Baja Beach CC business operating practices that were inconsistent with the established business practices previously followed by Defendant Baja Beach CC and the other Related Companies and that were negatively impacting the quality of the products and services being offered at the Malvern location under the BAJA BEACH Trademarks and Trade Dress.

86.     As it had done in the 2008 restructuring, and as owner of the BAJA BEACH Trademarks and Trade Dress, 5th Street attempted to resolve the contested issues with Defendant Baja Beach CC but was not successful in doing so.

87.     In 2021, Ms. Angstadt, who was still managing the Malvern location, purchased all remaining shares of Baja Beach CC, and Ms. Angstadt and her spouse Tiffany Kahl became the sole shareholders in Defendant Baja Beach CC.

88.     After Ms. Angstadt and Ms. Kahl became sole shareholders of Baja Beach CC, Baja Beach CC continued to deviate from previously established business operating practices.

89.     In December 2023—nearly 20 years after first launching the Malvern location—5th Street terminated its business relationship with Defendant Baja Beach CC by expressly revoking Defendant Baja Beach CC's right to continue to use the BAJA BEACH Trademarks and Trade Dress.

90.     In a letter dated December 4, 2023, 5th Street informed Defendant that "Effective immediately, 5th Street is terminating Baja Beach CC's right to use the Baja Beach Marks, and Baja Beach CC must discontinue its use of the Baja Beach Marks by January 1, 2024."

91.     5th Street revoked Defendant Baja Beach CC's right to continue to use the BAJA BEACH Trademarks and Trade Dress in order to protect the goodwill, integrity and reputation of the BAJA BEACH brand and to ensure consistent quality across all locations, and particularly in view of the fact that Defendant Baja Beach CC was no longer a 5th Street Related Company.

92.     Defendant Baja Beach CC is no longer, and since at least as early as January 1, 2024, has not been authorized to use the Baja Beach Trademarks and Trade Dress in any of its operations.

93.     Despite Plaintiff's express revocation of Defendant's right to use the BAJA BEACH Trademarks and Trade Dress, Defendant has continued to use the BAJA BEACH Trademarks and Trade Dress without permission.

94.     Defendant Baja Beach CC's continued unauthorized use of the BAJA BEACH Trademarks and Trade Dress is likely to cause, has caused, and will continue to cause consumer confusion and undermine the goodwill, quality and reputation of goods and services offered under 5th Street's BAJA BEACH Trademarks and Trade Dress.

## COUNT I
## DECLARATORY JUDGMENT
### (28 U.S.C. § 2201)

95.     Plaintiff incorporates by reference all of the allegations and paragraphs above as though set forth at length here.

96.     Plaintiff is the sole and exclusive owner of the BAJA BEACH Trademarks and Trade Dress.

97.     An actual justiciable controversy has arisen and now exists between Plaintiff and Defendant concerning the ownership of the BAJA BEACH Trademarks and Trade Dress.

98.     Defendant contends that 5th Street is not the sole and exclusive owner of the BAJA BEACH Trademarks and Trade Dress.

99.     Defendant contends that Defendant has acquired ownership of the BAJA BEACH Trademarks and Trade Dress.

100.     In order to resolve the controversy between Plaintiff and Defendant, Plaintiff requests, pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57, that this Court declare that: (1) 5th Street is the rightful, sole and exclusive owner of the BAJA BEACH Trademarks and Trade Dress; (2) as the rightful, sole and exclusive owner of the BAJA BEACH Trademarks and Trade Dress, 5th Street has the exclusive right to control the use of the BAJA BEACH Trademarks and Trade Dress; and (3) 5th Street lawfully revoked Defendant's right to use of the BAJA BEACH Trademarks and Trade Dress.

## COUNT II
## FEDERAL TRADEMARK INFRINGEMENT
### (15 U.S.C. § 1114)

101.     Plaintiff incorporates by reference all of the allegations and paragraphs above as though set forth at length here.

102.    Plaintiff is the rightful, sole, and exclusive owner of the BAJA BEACH Trademarks, including, without limitation, the BAJA BEACH TANNING CLUB trademark, which is the subject of and United States Trademark Registration No. 7,187,554 (the "'554 Registration"), which are all valid and enforceable.  (*See* Registration Certificate, Exhibit A.)

103.    5th Street has used the BAJA BEACH TANNING CLUB trademark in commerce in connection with the advertising, promotion and sale of products and services associated with its tanning salon business since at least as early as 1996.

104.    The public associates the BAJA BEACH TANNING CLUB trademark with 5th Street and its longstanding tanning salon business.

105.    The association between 5th Street and the BAJA BEACH TANNING CLUB trademark is the result of the inherent distinctiveness of the BAJA BEACH TANNING CLUB trademark as well as distinctiveness acquired through extensive advertising, sales, and use in commerce.

106.    5th Street granted Defendant the right to use the BAJA BEACH TANNING CLUB trademark in 2004 for the sole purpose of operating a Baja Beach tanning salon in Malvern, Pennsylvania.

107.    In December 2023, 5th Street revoked Defendant's right to use the BAJA BEACH TANNING CLUB trademark.

108.    Without authorization or permission, Defendant has continued and, upon information and belief, intends to continue using 5th Street's BAJA BEACH TANNING CLUB trademark.

109.    Defendant's unauthorized use of the BAJA BEACH TANNING CLUB trademark is likely to cause, has caused, and will continue to cause, confusion, mistake, or deception among consumers and in the relevant consumer market.

110.    Defendant's unauthorized use of the BAJA BEACH TANNING CLUB trademark constitutes infringement of 5th Street's BAJA BEACH TANNING CLUB trademark and the '554 Registration in violation of 15 U.S.C. § 1114.

111.    Defendant's acts constitute willful and intentional infringement of 5th Street's BAJA BEACH TANNING CLUB trademark and the '554 Registration, and Defendant did so with the intent to trade upon 5th Street's reputation and goodwill by causing or likely causing confusion, mistake, or deception among customers by creating the false and misleading impression that Defendant's tanning salon continues to be associated, sponsored, affiliated, connected and/or associated with 5th Street, when they are not.

112.    Defendant had actual knowledge of 5th Street's ownership and prior use of the BAJA BEACH TANNING CLUB trademark and has willfully violated 15 U.S.C. § 1114.

113.    Defendant's infringing conduct is likely to cause, has caused and will continue to cause 5th Street to suffer irreparable injury to its reputation and goodwill.

114.    5th Street does not have an adequate remedy at law to recover for this harm, and it is therefore entitled to injunctive relief.

**COUNT III**
**FEDERAL UNFAIR COMPETITION**
**(LANHAM ACT, 15 U.S.C. § 1125(a))**

115.    Plaintiff incorporates by reference all of the allegations and paragraphs above as though set forth at length here.

116.    5th Street has established valid and enforceable rights in and is the owner of the BAJA BEACH Trademarks.

16

117.    5th Street has used one or more of the BAJA BEACH Trademarks in commerce in connection with the advertising, promotion and sale of products and services associated with its tanning salon business since at least as early as 1996.

118.    As a result of 5th Street's use the BAJA BEACH Trademarks, the BAJA BEACH Trademarks are inherently distinctive and have acquired a distinctive meaning to consumer and potential consumers who have come to associate the BAJA BEACH Trademarks with 5th Street and its BAJA BEACH products and services.

119.    Defendant has used the BAJA BEACH Trademarks without the consent of 5th Street in a manner that is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation and/or approval of the Defendant's goods and services and therefore has infringed upon 5th Street's well-established rights in its BAJA BEACH Trademarks.

120.    Defendant's acts constitute trademark infringement, false designation of origin, and unfair competition in violation of 15 U.S.C. § 1125(a).

121.    Defendant's acts constitute willful and intentional infringement of 5th Street's BAJA BEACH Trademarks, and Defendant did so with the intent to trade upon the 5th Street's reputation and goodwill by causing or likely causing confusion, mistake, or deception among customers by creating the false and misleading impression that Defendant's tanning salon continues to be associated, sponsored, affiliated, connected or associated with 5th Street, when it is not.

122.    Defendant had actual knowledge of 5th Street's ownership and prior use of the BAJA BEACH Trademarks and has willfully violated 15 U.S.C. § 1125(a).

123.    Defendant's infringing conduct has caused, is likely to cause, and/or will continue to cause 5th Street to suffer irreparable injury to its reputation and goodwill.

124.    5th Street does not have an adequate remedy at law to recover for this harm, and it is therefore entitled to injunctive relief.

**COUNT IV**
**TRADE DRESS INFRINGEMENT**
**(LANHAM ACT, 15 U.S.C. § 1125(a))**

125.    Plaintiff incorporates by reference all of the allegations and paragraphs above as though set forth at length here.

126.    5th Street has established valid and enforceable rights in and is the owner of the distinctive "look and feel" of the BAJA BEACH brand, described above as the BAJA BEACH Trade Dress.

127.    The BAJA BEACH Trade Dress does not comprise any functional elements and therefore is non-functional.

128.    5th Street has used the BAJA BEACH Trade Dress in commerce in connection with its advertising and promotion of its tanning salon business since at least as early as 1996.

129.    As a result of 5th Street's use of the BAJA BEACH Trade Dress, the BAJA BEACH Trade Dress is inherently distinctive and has acquired a distinctive meaning to consumers and potential consumers who have come to associate the BAJA BEACH Trade Dress with 5th Street and its BAJA BEACH products and services.

130.    Defendant has used the BAJA BEACH Trade Dress without the consent of 5th Street in a manner that is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation and/or approval of the Defendant's goods and services and therefore has infringed upon 5th Street's well-established rights in its BAJA BEACH Trade Dress.

131.    Defendant's acts constitute trade dress infringement, false designation of origin, and unfair competition in violation of 15 U.S.C. § 1125(a).

132.    Defendant's acts constitute willful and intentional infringement of 5th Street's BAJA BEACH Trade Dress, and Defendant did so with the intent to trade upon the 5th Street's reputation and goodwill by causing or likely causing confusion, mistake, or deception among customers by creating the false and misleading impression that Defendant's tanning salon continues to be associated, sponsored, affiliated, connected or associated with 5th Street, when it is not.

133.    Defendant had actual knowledge of 5th Street's ownership and prior use of the BAJA BEACH Trade Dress and has willfully violated 15 U.S.C. § 1125(a).

134.    Defendant's infringing conduct is likely to cause, has caused, and will continue to cause 5th Street to suffer irreparable injury to its reputation and goodwill.

135.    5th Street does not have an adequate remedy at law to recover for this harm, and it is therefore entitled to injunctive relief.

## COUNT V
## COMMON LAW TRADEMARK INFRINGEMENT
### (PA TRADEMARK ACT, 54 Pa. C.S.A. § 1126)

136.    Plaintiff incorporates by reference all of the allegations and paragraphs above as though set forth at length here.

137.    Plaintiff is the rightful, sole, and exclusive owner of the BAJA BEACH Trademarks, which are valid and enforceable.

138.    5th Street has used one or more of the BAJA BEACH Trademarks in intrastate and interstate commerce in the advertising, promotion and sale of products and services associated with its tanning salon business since at least as early as 1996.

139.    The public associates the BAJA BEACH Trademarks with 5th Street and its longstanding tanning salon business.

140.    The association between 5th Street and the BAJA BEACH Trademarks is the result of the inherent distinctiveness of the BAJA BEACH Trademarks as well as distinctiveness acquired through extensive advertising, sales, and use in commerce.

141.    In 2004, 5th Street granted Defendant the right to use the BAJA BEACH Trademarks for the sole purpose of operating a Baja Beach tanning salon in Malvern, Pennsylvania.

142.    In December 2023, 5th Street revoked Defendant's right to use the BAJA BEACH Trademarks.

143.    Without authorization or permission, Defendant has continued and, upon information and belief, intends to continue using 5th Street's BAJA BEACH Trademarks.

144.    Defendant's unauthorized use of the BAJA BEACH Trademarks has caused, and will likely continue to cause, confusion, mistake, and deception in the relevant consumer market.

145.    Defendant's unauthorized use of the BAJA BEACH Trademarks constitutes infringement of 5th Street's common law trademark rights in the BAJA BEACH Trademarks.

146.    Defendant's acts constitute willful and intentional infringement of 5th Street's common law trademark rights in the BAJA BEACH Trademarks, and Defendant did so with the intent to trade upon 5th Street's reputation and goodwill by causing or likely causing confusion, mistake, and deception among customers by creating the false and misleading impression that Defendant's tanning salon continues to be associated, sponsored, affiliated, connected or associated with 5th Street, when they are not.

147.    Defendant had actual knowledge of 5th Street's ownership and prior use of the BAJA BEACH Trademarks and has willfully violated 5th Street's common law trademark rights in the BAJA BEACH Trademarks .

148.    Defendant's infringing conduct has caused and will continue to cause 5th Street to suffer irreparable injury to its reputation and goodwill.

149.    5th Street does not have an adequate remedy at law to recover for this harm, and it is therefore entitled to injunctive relief.

**COUNT VI**
**PENNSYLVANIA COMMON LAW UNFAIR COMPETITION**
**(Restatement (Third) of Unfair Competition)**

150.    Plaintiff incorporates by reference all of the allegations and paragraphs above as though set forth at length here.

151.    5th Street has established valid and enforceable rights in and is the owner of the BAJA BEACH Trademarks and Trade Dress.

152.    5th Street has used one or more of the BAJA BEACH Trademarks and Trade Dress in intrastate and interstate commerce in connection with the advertising, promotion and sale of products and services associated with its tanning salon business since at least as early as 1996.

153.    As a result of 5th Street's use the BAJA BEACH Trademarks and Trade Dress, the BAJA BEACH Trademarks and Trade Dress are inherently distinctive and have acquired a distinctive meaning to consumer and potential consumers who have come to associate the BAJA BEACH Trademarks and Trade Dress with 5th Street and its BAJA BEACH products and services.

154.    Defendant has used the BAJA BEACH Trademarks and Trade Dress without the consent of 5th Street in a manner that is likely to cause confusion among ordinary consumers as

to the source, sponsorship, affiliation and/or approval of the Defendant's goods and services and therefore has infringed upon 5th Street's well-established rights in its BAJA BEACH Trademarks and Trade Dress.

155.   Defendant's acts constitute trademark infringement, false designation of origin, deceptive marketing, passing off, and unfair competition in violation of the Pennsylvania common law of unfair competition.

156.   Defendant's acts constitute willful and intentional infringement of 5th Street's BAJA BEACH Trademarks and Trade Dress, and Defendant did so with the intent to trade upon the 5th Street's reputation and goodwill by causing or likely causing confusion, mistake, or deception among customers by creating the false and misleading impression that Defendant's tanning salon continues to be associated, sponsored, affiliated, connected or associated with 5th Street, when it is not.

157.   Defendant had actual knowledge of 5th Street's ownership and prior use of the BAJA BEACH Trademarks and Trade Dress and has willfully violated the Pennsylvania common law of unfair competition.

158.   Defendant's infringing conduct has caused, is likely to cause, and/or will continue to cause 5th Street to suffer irreparable injury to its reputation and goodwill.

159.   5th Street does not have an adequate remedy at law to recover for this harm, and it is therefore entitled to injunctive relief.

**COUNT VII**
**UNJUST ENRICHMENT**

160.   Plaintiff incorporates by reference all of the allegations and paragraphs above as though set forth at length here.

161.    By engaging in the aforementioned conduct, Defendants have been and will be unjustly enriched.

162.    Defendants continued wrongful and unlawful conduct has been and continues to be willful, entitling Plaintiff to monetary damages, including exemplary and punitive damages.

163.    Defendants continued wrongful and unlawful conduct has caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to 5th Street, its business, its reputation and loss of goodwill in the BAJA BEACH Trademarks and BAJA BEACH Trade Dress for which 5th Street has no adequate remedy at law.

164.    Under the facts and circumstances described above, Defendants should not be permitted to retain the benefits of their unjust enrichment at the expense of 5th Street.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff 5th Street Beach, Inc. respectfully requests that this Honorable Court enter judgment in its favor and against the Defendant Baja Beach CC, Inc. as follows:

A.    That the Court declare that 5th Street is the rightful, sole and exclusive owner of the BAJA BEACH Trademarks and Trade Dress;

B.    That the Court declare that Defendant is no longer permitted to use, by license or otherwise, the BAJA BEACH Trademarks and Trade Dress or any source identifier that is likely to be confused with any of the BAJA BEACH Trademarks or Trade Dress pursuant to 5th Street's December 4, 2023, revocation letter;

C.    That the Court render final judgement in favor of 5th Street and against Defendant on all claims for relief alleged herein;

D.    That the Court render a final judgment that the Defendant has violated the provisions of 15 U.S.C. § 1114 by willfully infringing 5th Street's

trademark rights in the trademark that is the subject of United States

Trademark Registration No. 7,187,554;

E.     That the Court render a final judgment that the Defendants have violated

the provisions of 15 U.S.C. § 1125(a) by willfully infringing 5th Street's

BAJA BEACH Trademarks and Trade Dress;

F.     That Defendant, its agents, servants, employees and attorneys, and all

others in active concert or participation with any of them, either directly or

indirectly, for themselves, or through, on behalf of, or in conjunction with

any other person, persons, partnership or corporation, be preliminarily and

permanently enjoined and restrained from:

    i.     unlawfully using the BAJA BEACH Trademarks, or any

other mark that is essentially identical to, a colorable

imitation of, or likely to be confused with the BAJA

BEACH Trademarks;

    ii.     unlawfully using the BAJA BEACH Trade Dress, or any

motif or design that is essentially identical to, a colorable

imitation of, or likely to be confused with the BAJA

BEACH Trade Dress;

    iii.     filing any applications for registration of any trademarks or

trade dress likely to be confused with the BAJA BEACH

Trademarks or Trade Dress;

    iv.     unfairly competing with 5th Street's Baja Beach tanning

salon business in any manner;

      v.        causing a likelihood of confusion or injury to 5th Street's Baja Beach business reputation;

      vi.        representing, suggesting or implying to the public or any individual or entity that they are affiliated with or approved or sponsored by 5th Street; and

      vii.        attempting to solicit or divert business or customers to any individual or establishment in competition with 5th Street;

G.      That Defendant be required to produce an accounting by of all its gross revenues from January 1, 2024, through the present;

H.      That the Court award 5th Street pre-judgment and post-judgment interest, as permitted by law;

I.      That the Court award 5th Street reasonable expenses, including attorney's fees and costs from Defendant, and other expenses, pursuant to at least 15 U.S.C. § 1117, reasonably and necessarily incurred in enforcing its rights hereunder;

J.      That Defendant's actions be deemed willful;

K.      That Defendant be required to deliver and destroy all goods, advertising, and other unauthorized materials bearing marks and trade dress that are essentially identical to, colorable imitations of, or likely to be confused with 5th Street's BAJA BEACH Trademarks and Trade Dress pursuant to 15 U.S.C. § 1118;

L.      That 5th Street be awarded all such other, additional and separate relief as
the case may require and/or that the Court may deem appropriate, just and
proper.

### JURY DEMAND

Plaintiff hereby demands a trial by jury for all issues so triable.

Respectfully submitted,

**SMITH BUKOWSKI, LLC**

Dated:  September 17, 2024          By: /s/ Jeffrey D. Bukowski
                                   Jeffrey D. Bukowski, Esquire
                                   Attorney I.D. No. 76102
                                   JBukowski@SmithBukowski.com
                                   John W. Goldschmidt, Jr., Esquire
                                   Attorney I.D. No. 55298
                                   JGoldschmidt@SmithBukowski.com
                                   Nathan L. Hopkins, Esquire
                                   Attorney I.D. No. 328162
                                   NHopkins@SmithBukowski.com
                                   1050 Spring Street, Suite 1
                                   Wyomissing, PA 19610
                                   (610) 685-1600

                                   *Attorneys for Plaintiff*